UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MITCHELL MOORE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-537-NCC |
| ) | |
| DR. WILLIAMS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Mitchell Moore, Jr., an inmate at the Missouri Eastern Correctional Center ("MECC"), for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.50. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $7.50 and an average monthly balance of $4.95. The Court will therefore assess an initial partial filing fee of $1.50, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015)

(quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Dr. Williams, who he identifies as a medical doctor at MECC, and "Medical Staff at Potosi Correctional Center," who he identifies as "Doctor/RN/Nurse(s)." Plaintiff sues the defendants in their individual capacities. He alleges as follows.

On November 7, 2019 while incarcerated at MECC, plaintiff saw Dr. Williams "and was referred to eye doctor due to drainage coming from eye socket." Plaintiff told Dr. Williams he had experienced an allergic reaction to an antibiotic while incarcerated at the Potosi Correctional Center ("PCC"). He did not identify the antibiotic. He told Dr. Williams to be careful in choosing which antibiotic to prescribe. Later in the complaint, plaintiff avers that while at PCC, he took an antibiotic and developed purple patches on his skin.

Dr. Williams gave plaintiff "some type of antibiotic." On November 10, 2019, plaintiff developed a rash on his hands, wrists, feet and ankles. He was immediately given Benadryl, and his antibiotic prescription was changed. On November 11, 2019, plaintiff experienced pain and noticed open blisters in his genital area, and was seen by "medical personnel." The area was wrapped with antibacterial dressing, and plaintiff was given a supportive undergarment. Plaintiff underwent dressing changes for a week. During the dressing changes, Dr. Williams cleaned the

area with a cleansing spray. The cleansing spray caused pain when it was applied. Plaintiff does not allege that the cleansing spray caused lasting symptoms, or exacerbated his condition.

Plaintiff used MECC's grievance procedure to complain about Dr. Williams. During the process, he learned that while his PCC medical records documented his history of an allergic reaction causing purple patches on his skin, they did not identify the antibiotic that caused the reaction. Plaintiff alleges this means "that Potosi Corr. Center medical personnel may have failed to list the antibiotic that caused the reaction." Plaintiff states he still has "red (purple-like) patches on [his] hands and ankles."

Plaintiff claims Dr. Williams is liable to him because he failed to check his medical records before prescribing the antibiotic, prescribed an antibiotic that caused an allergic reaction, and used a cleansing spray that caused pain when it was applied. He claims the PCC medical staff is liable to him because they failed to properly document his medication allergies. He asks this Court to award him $350,000, and "suspend Dr. Williams's medical license permanently."

**Discussion**

Plaintiff's claims arise under the Eighth Amendment, which requires prison officials to provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976), *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To establish a claim of deliberate indifference under the Eighth Amendment, an inmate must demonstrate (1) that he suffered from an objectively serious medical need, and (2) the defendant actually knew of, but deliberately disregarded, that need. *Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 387 (8th Cir. 2014), *Schaub*, 638 F.3d at 914. Accordingly, both an objective and a subjective analysis is required. *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (citing *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014)).

4

An inmate satisfies the objective component if he demonstrates his medical need was "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (internal citation omitted). "Establishing the subjective component of a deliberate indifference claim requires showing 'a mental state akin to criminal recklessness' and neither negligence nor gross negligence are sufficient." *Ryan*, 850 F.3d at 425 (quoting *Thompson v. King*, 730 F.3d 742, 746-47 (8th Cir. 2013)); *Estelle*, 429 U.S. at 106 ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Fourte*, 746 F.3d at 390 (citation omitted) (allegations establishing that prison officials were negligent, or even grossly negligent, are insufficient to state a valid claim of medical mistreatment under the Eighth Amendment).

In the case at bar, the Court will presume that plaintiff has established the objective component: that he suffered from an objectively serious medical need. However, plaintiff's allegations are insufficient to establish the subjective component. Plaintiff alleges that Dr. Williams failed to check his medical records before prescribing an antibiotic, and prescribed one that caused him to suffer an allergic reaction. However, plaintiff admits that his medical records did not list the antibiotic to which he was allergic. Dr. Williams therefore would have had no way of knowing which antibiotic to avoid. Accordingly, there is no basis to conclude that Dr. Williams engaged in any wrongdoing at all, much less that he acted with the requisite mental state. Even if plaintiff's allegations established that Dr. Williams was negligent or committed malpractice, such allegations would be insufficient to establish the subjective component of a

deliberate indifference claim. Finally, plaintiff alleges that Dr. Williams used a cleansing spray that caused pain when it was applied. These allegations establish only that Dr. Williams was providing necessary medical treatment by cleansing plaintiff's wounds. The Court therefore concludes that plaintiff's allegations against Dr. Williams do not state a valid claim of medical mistreatment under the Eighth Amendment.

Next, plaintiff alleges that defendants "Medical Staff at Potosi Correctional Center" failed to properly document his antibiotic allergy. Plaintiff identifies these defendants only as "Doctor/RN/Nurse(s)." Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, plaintiff has made no effort to set forth specific allegations that would permit the fictitious parties to be identified after reasonable discovery. Instead, the fictitious defendants are both unidentified and indeterminate in number, which is impermissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). Even if plaintiff had alleged sufficient facts to permit identification of the fictitious parties, he could not proceed against them because his allegations establish, at most, that they were negligent or committed malpractice. As discussed above, such allegations are insufficient to establish the subjective component of a deliberate indifference claim.

After carefully reading and liberally construing the complaint, the Court concludes that it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). This is not a situation in which the deficiencies of the complaint could be overcome by amendment. Instead, it is a situation in

which the claims plaintiff wishes to bring are simply not claims of constitutional significance. The Court will therefore dismiss the complaint at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of May, 2020.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE